(93 South. 469)

**JACKSON v. BAKER et al. (2 Div. 762.)**

(Supreme Court of Alabama. May 18, 1922.)

**Wills ☞531(3)—Legatees held to take per capita, and not per stirpes.**

Under will directing that the proceeds of the sale of lands be "equally divided among my heirs, namely, C—— and his children, * * * D——'s children," and other designated persons, "the devisees and legatees of this clause to take per capita," the named persons and their children took per capita, and not per stirpes.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Bill by Olivia Baker Jackson, as executrix and individually, against Mabel G. Baker and others. From final decree, complainant appeals. Affirmed.

The bill is brought by Olivia Baker Jackson, as executrix of the will of Abraham Clymer Baker, deceased, and in her individual capacity. It alleges the due probate of said will and issue of letters testamentary to complainant. After setting out the heirs at law and devisees under said will, and making them parties respondent, the bill alleges that the will is uncertain and indefinite as to the share to be taken by the devisees in the residuum, in ·that the will does not state specifically whether or not the children of testator take a child's part or share equally with the grandchildren by deceased parents. The clause of the will brought into question is set out in the bill, and is the same as that quoted in the opinion.

The prayer is for removal of the estate into equity, and for a construction of the feature of the will in question and the determination of the rights of the parties thereunder.

From a decree removing the estate into equity, and construing the will, in the particular involved, as devising the residuum of the estate to·the heirs per capita, complainant appeals.

Keith & Wilkinson, of Selma, for appellant.

The court erred in holding that the devisees take under the will per capita. 176 Ala. 250, 57 South. 849; 116 Ala. 252, 22 South. 555; 110 Miss. 789, 70 South. 893; 178 Ala. 117, 59 South. 58; 43 Ala. 666; 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045; 76 Fla. 459, 80 South. 65; 202 Ala. 578, 81 South. 80; 177 Ala. 88, 58 South. 417; 48 La. Ann. 1036, 20 South. 193, 55 Am. St. Rep. 295; 200 N. Y. 189, 93 N. E. 484, 34 L. R. A. (N. S.) 945, 21 Ann. Cas. 412; 34 Ala. 208; 30 Ala. 391; 279 Ill. 274, 116 N. E. 658. If words of will leave intention of testator uncertain, a construction requiring children of a deceased child to take per stirpes should be

sustained. 33 Conn. 222; 45 Conn. 467, 29 Am. Rep. 688; 62 Conn. 499, 27 Atl. 77; 40 Cyc. 1412; 30 A. & E. Encyc. Law, 688. The law favors distribution of estates under rule giving to the child of a deceased son such share as his parent would have taken. 127 Ind. 276, 26 N. E. 56; 135 Ind. 278, 34 N. E. 991; (Ky.) 68 S. W. 631; 187 Ky. 709, 220 S. W. 532; 70 Mich. 179, 38 N. W. 20; 30 Pa. Super. Ct. 145. The words "equally" and "share and share alike" apply as readily to a per stirpes division as to per capita. 118 Ind. 23, 20 N. E. 519; 56 Ind. App. 301, 103 N. E. 679; 140 Mass. 267, 2 N. E. 700; 191 Mass. 180, 77 N. E. 311; 117 Me. 10, 102 Atl. 307; 159 Pa. 545, 28 Atl. 361; 52 Pa. 269, 91 Am. Dec. 156; 8 Lea (Tenn.) 569. Designation of legatees as representatives of deceased parent is indicative of an intention that they should take by families. 169 Mass. 523, 48 N. E. 277; 62 N. C. 279; 164 Pa. 631, 30 South. 482, 26 L. R. A. 203, 44 Am. St. Rep. 632; 16 N. C. 270.

Arthur M. Pitts, of Selma, for appellees.

It was clearly the intention of the testator, by the use of the word "equally" in the devise, and the expression "the devisees and legatees of this clause to take per capita," that the estate should be divided into equal moieties among the persons named. 128 Ala. 638, 30 South. 481; 30 Ala. 391; 3 Bro. C. C. 367; 2 Vernon, 705; 173 Ala. 250, 55 South. 524.

ANDERSON, C. J. The will of A. C. Baker, after making a specific disposition of certain property to certain designated beneficiaries, further provides:

"All of the rest of my property, real, personal and mixed, in Alabama to be sold inside of three years after my death, and the proceeds equally divided among my heirs, namely: Charles Oscar Baker and his children; James Fairfowl Baker, George Conrad Baker; Daniel Doe Baker's children; Belzora Ida French; Omar Newman Baker and children; Mary Olivia Baker; Ella Leolia Baker—each of the children of Daniel D. Baker to have his or her share as he or she arrives at the age of twenty-four years; the devisees and legatees of this clause to take per capita."

The above provision not only contemplates that the proceeds be "equally" divided among those subsequently designated by name, or class, but to avoid any misunderstanding further provides that said devisees or legatees shall take "per capita." That the proceeds shall be "equally" divided between the devisees and legatees therein named and that they shall take "per capita" excludes all idea of an intention by the testator that any of them should take per stirpes, and to so hold would violate the plain letter of the will as well as the only reasonable intention to be gathered from the language used.

---

·We have considered the authorities cited by counsel for appellants, especially Dollander v. Dhaemers, 297 Ill. 274, 130 N. E. 705, 16 A. L. R. 15, and note, and find none of them opposed to the present holding. Even if we concede the soundness of the holding in the Dollander Case, supra, the clause under consideration is unlike the present one.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and THOMAS, JJ., concur.